## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, DC 20530-0001, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to
inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the United States
Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks
access.  Defendant is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue
NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5.      On November 24, 2015, Plaintiff submitted a FOIA request to the Community
Relations Service ("CRS"), a component of Defendant, seeking the following:

> Any and all records of communication between any officials,
> employees, and contractors of CRS and any representatives or
> officials of Black Lives Matter, including but not limited to BLM
> activists Alicia Garza, Patrisse Cullors and/or Opal Tometi.

The timeframe of the request was identified as "August 1, 2013 to the present."  The request was
submitted by certified mail.

6.      According to U.S. Postal Service records, the request was received by CRS on
December 1, 2015.

7.      As of the date of this Complaint, Defendant has failed to: (i) produce the
requested records or demonstrate that the requested records are lawfully exempt from
production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to
produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may
appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

10.      To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request on December 1, 2015.  Accordingly, Defendant's determination was due on or about December 30, 2015.  At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

11.      Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of

attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  September 23, 2016                    Respectfully submitted,

                                                   *s/ Chris Fedeli*

                                                   Chris Fedeli

                                                   D.C. Bar No. 472919

                                                   JUDICIAL WATCH, INC.

                                                   425 Third Street SW, Suite 800

                                                   Washington, DC 20024

                                                   (202) 646-5172

                                                   *Counsel for Plaintiff*